United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40980
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE QUESADA-LERMA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-7-ALL
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Enrique Quesada-Lerma (Quesada) appeals his guilty plea conviction and sentence for possession with intent to distribute marijuana. Quesada argues (1) his sentence contravened United States v. Booker, 543 U.S. 220 (2005), and, (2) for the first time on appeal, that his count three conviction should be overturned because the statute cited in the indictment, 21 U.S.C. § 841(b)(1)(C), purportedly does not criminalize the charged conduct.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quesada's contention that the district court was precluded from enhancing his sentence based on facts that had not been either admitted by him or found beyond a reasonable doubt by a jury is untenable. Post-Booker "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Quesada's guilty plea renders his defective indictment claim waived because "[a] voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant," United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), and an allegedly defective indictment does not deprive a district court of jurisdiction. United States v. Cotton, 535 U.S. 625, 631 (2002).

AFFIRMED.